In the U.S. District Court for the Middle District of FLORIDA

| United States of America (Respondent) | Case No: _____ |
| --- | --- |
| v. | Crim Case No: 8:12-CR-45-T-35 AEP |
| Sami Osmakac (Petitioner) | Memorandum of Law in Support of Petition Pursuant to §2255 |

Comes now Sami Osmakac, Petitioner, to make formal petition for Post-Conviction Relief, and does now submit this memorandum of law in support of same for cause(s), to wit:

1. The §2255 is filed in a Timely Manner, as it is done LESS THAN ONE (1) YEAR after his Conviction and Sentence become Final, AND as Counsel was requested to file appeal with notice at sentencing, and Counsel did state such would be filed, and as the law provides that appointed Counsel, or private Counsel, MUST file the First Appeal as of Right, and as no such appeal was ever filed, any and all delays result from Counsel's failure to perform duties to which the Petitioner's reasonable understanding was based.

2. The FAILURES of Counsel to file the First Appeal as of Right, and Counsel's Failures to raise the issues herein either in the District Court at or before Trial, and on appeal are the result of Ineffective Assistance of Counsel (and is claimed as the Direct Cause of the Collateral Issues Attacked Herein).

3. As to Count ONE (1): The Petitioner raises the issue on collateral challenge, as Counsel failed to Investigate the Known Facts, failed to file appropriate motions, failed to research the law in a reasonably competent manner, failed to meaningfully communicate with the Petitioner, and did fail to subject the prosecution's case to meaningful adversarial testing. But for Counsel's Unprofessional Errors, the Petitioner would not have suffered the Prejudice resulting, the results were unreliable, and the Petitioner does contend that the results would be, reasonably, different if the JURY had been made aware of the FACTS demonstrated herein. There has been a complete miscarriage of Justice herein, and the Petitioner suffers the prejudice cause by it, as the trial proceedings were rendered unfair. Counsel, further, failed to explain the consequences of such failures to the Petitioner. Yarborough v. Gentry, 540 U.S. 1, (2003);

1

Padilla v. Ky, 559 U.S. 356 (2010); McMann v. Richardson, 397 U.S. 759 (1970); Strickland v. Washington, 466 U.S. 668 (1984); Ortiz v. U.S., 664 F.3d 1151 (8th Cir. 2011); Glover v. U.S., 531 U.S. 198 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Cullen v. Pinholster, ___ U.S. ___, 131 S.Ct. 1388 (2011); Rompilla v. Beard, 545 U.S. 374 (2005); Bell v. Cone, 535 U.S. 685 (2002); Knowles v. Mirzayance, 556 U.S. 111 (2009). Counsel failed to investigate and present overwhelming evidence of Entrapment in this case. Rather the Court wishes to identify it as Outrageous Government Conduct, or Entrapment, it is CLEAR and OBVIOUS in the Evidence of this Case, and Counsel failed to raise this viable and necessary defense, and it was NOT a reasonable trial strategy as it was overwhelming in nature. Counsel KNEW of the details, KNEW where the evidence was, and HOW to prove it, yet REFUSED to do so, as Counsel felt the "offense" deserved punishment for it's nature, even given the FACT that the Government Law Enforcement Agents "instigated" the "criminal activity," did "provide the place, the equipment, the supplies, the know-how," the money, the vehicles, the target, the plan, the "contingency plan," did provide the explosives (fake), the cell phone(s), the "suicide vest," the gun(s) (inoperable), the training for the gun(s), and the Petitioner was approached multiple times before accepting the offer initiated by Government Actor(s) or Confidential Informants acting on orders of Government Actors. Additionally, the Petitioner supplied only "meager assistance" while Government Actors did run the entire operation. So this was far more than "Government infiltration" of criminal activities, and far beyond the simple supply of just something of value, as the Petitioner did lack the Predisposition to Commit THESE crimes, said no several times, and did NOT initiate contact or any plans thereof. 41 ALR Fed. 2d 145; 97 ALR Fed. 273; 43 ALR 6th 475; U.S. v. Twigg, 588 F.2d 373 (3rd Cir. 1978); U.S. v. Tobias, 662 F.2d 381 (5th Cir. 1981); Weger v. Pro, 195 U.S. App. D.C. 423, 603 F.2d 1005 (D.C. Cir. 1979); State v. Little, 121 N.H. 765, 435 A.2d 517 (1981); 89 ALR Fed. 2d 215; 49 BC L.Rev. 125, 1-2008; States v. Russell, 411 U.S. 423 (1973); Sorrells v. U.S. 287 U.S. 435 (1932). "The Government may NOT incite the crime for the purpose of punishing it," as is demonstrated herein. U.S. v. Achter, 52 F.3d 753 (8th Cir. 1995); Hampton v. U.S., 425 U.S. 484 (1976). The Court MUST be closed to trial of a crime instigated by

the Government's own agents or assets. <u>Sorrells</u>, 287 U.S. at 459. In this case a Confidential Informant (C.I.), on ORDERS of AGENTS, did approach the Petitioner multiple times with a "Plan" already formulated to the point of full planning out. The Petitioner declined more than once, before the sheer badgering of, and pleas of helping a friend, did finally cause him to acquiesce reluctantly. From this point forward, the Petitioner attempted to opt out, claiming lack of funds, car, know how, and intent to commit the offense(s). The F.B.I. did then provide and instigate the plan, the target, and all necessary equipment, materials, transportation, know-how, and management of the offense, leaving the Petitioner to follow the orders of the FBI with no input of his own at any point. The F.B.I. did provide the Petitioner Cab fare and Gas Money to retrieve his car from the University Mall, did provide both Tires and a Battery for the car, did provide money to purchase a cell phone along with orders to do so in order to speak directly with undercover agents, the F.B.I. rented a motel room with F.B.I. credit card(s) and in Agent(s) NAME, the F.B.I. did rent a Van for the Petitioner as a getaway vehicle for the "contingency" plan. The F.B.I. did construct the "explosive devices" with no participation from the Petitioner, the F.B.I. did all the wiring, set up, connections (such as to cell phone, which they provided with the rest of the materials), the F.B.I. constructed and connected the car bomb, then "trained" the petitioner on how the phone trigger worked. The F.B.I. wrote, produced, filmed, and provided camera for "Suicide video." The F.B.I. selected the "Target(s)" and did instigate the ENTIRE crime. The C.I. was paid 25 to 28 thousand dollars, at least for his "role" in inciting this crime. The FACTS of the Case demonstrate CLEARLY that the Petitioner, who had NO Predisposition to commit the offense(s), was Entrapped by Government Agents and/or C.I.(s) operating on direct orders of and the payroll of Government Agents. Counsel failed to Investigate these known FACTS, and failed to pursue this defense. Thereby the ineffectiveness of counsel caused the collateral prejudice of loss of such defense.

4. As to Count (2) Two: Due Process Violation(s) - Ineffective Assistance of Counsel - Illegal Conviction.

The conviction of a Legally Incompetent defendant, or failure of a trial court to provide adequate competency determination, is a violation of the defendant's due process right to a fair trial. 43 GEO. L.J. ANN. REV. CRIM. PROC. 480 (2014); <u>Drope v. MO.</u>, 420 U.S. 162, 178-83 (1975); <u>Pate v. Robinson</u>, 383 U.S. 375,

378 (1966). Counsel failed to properly or adequately investigate the Petitioner's Mental Health History, and did fail to move for a determination of competence/insanity pursuant to an insanity defense or 18 U.S.C § 4242. As the Petitioner had a history of mental illness, and even the "reports" of the offense(s) did show such conduct. These issues were known to the C.I., the Federal Agents, the Prosecutor, the Court, and Defense Counsel. In FACT, while in the County Jail, the Petitioner was medicated by the Psychiatric/Psychological Services Doctor for Mental Illness, and Diagnosis thereof. The Court only "ordered" an evaluation and competency hearing after the Petitioner had been on such meds for 1½ to 2 months. The findings of the Evaluation and Report were that the Petitioner would NOT be competent EXCEPT for the medication. So, he is only competent ON medication. During the time of the offense, he was taking NO medications. The evaluation ordered and competency hearing was based solely on 18 U.S.C. § 4241(b), with no consideration for Time of Crime pursuant to § 4242. Thereby, through ineffective assistance of counsel and failures of the Court, there are inadequate competency findings. Drope, 420 U.S. at 180; 18 U.S.C § 4242; Pate, 383 U.S. at 385-86; U.S. v. Ruston, 565 F.3d 892 (5th Cir. 2009); U.S. v. Jones, 495 U.S. 274 (6th Cir. 2007). Counsel failed entirely to investigate the defense theories, and to raise this issue. There was reasonable cause to believe that the Petitioner did suffer from a Mental Disease or Defect not only presently but also at the Time of the Offense alleged. This failure to conduct proper competency hearings, and for counsel to raise the insanity defense (with notice of insanity defense), was to be considered inappropriate for the lack of it, and violates due process. It is a FACT that directly AFTER conviction, within a short time, the Petitioner was determined to be NOT-COMPETENT and is currently housed at MCFP-Springfield in the Mental Health Ward. U.S. v. Mason, 52 F.3d 1286 (4th Cir. 1995); Mata v. Johnson, 210 F.3d 324 (5th Cir. 2000); Tiller v. Esposito, 911 F.2d 575 (14th Cir. 1990). This did violate the Petitioner's right to due process of Fair Trial.

5. Thereby, the Petitioner does establish his claims and does demonstrate substantive violation(s) of due process rights. This Court should grant the relief sought herein, for the grounds cited.

Executed and Placed into the hands of Prison Officials for Mailing this, the 19th day of September, 2018.

X Sami Osmakac
Sami Osmakac #55958-018
(Petitioner)